UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **S.B. and E.B., individually and on behalf of their son J.B.,** | Civ. No. 2:13-03161 (WJM) |
| **Plaintiffs,** | **OPINION** |
| v. | |
| **SUMMIT BOARD OF EDUCATION,** | |
| **Defendant.** | |

**WILLIAM J. MARTINI, U.S.D.J.:**

      This is a breach of contract case.  Plaintiffs S.B. and E.B. allege that Defendant Summit Board of Education ("Summit") violated a settlement agreement requiring Summit to defray the costs of a private education for Plaintiffs' son, J.B.  Summit argues that a forum selection clause in the settlement agreement requires this case to be litigated in state court.  Accordingly, Summit moves pursuant to Federal Rule of Civil Procedure 12(b)(3) to dismiss the Complaint on improper venue grounds.  There was no oral argument.  Fed. R. Civ. P. 78(b).  For the reasons set forth below, Summit's motion is **GRANTED**.

      The Complaint states as follows: J.B. is a child suffering from autism.  Compl. ¶ 1, ECF No. 1.  J.B. lives in Summit, New Jersey.  *Id.* ¶ 4.  On July 6, 2009, Plaintiffs brought a due process petition (the "Petition") alleging that Summit failed to provide J.B. with the "free appropriate public education" required by the Individuals with Disabilities Educational Improvement Act ("IDEA"), 20 U.S.C. § 1440 *et seq*.  *Id.* ¶ 10.  The Petition requested that Summit provide J.B. with money for an out-of-district education.  *Id.*  Mediation led to a settlement agreement (the "Settlement") providing that the parties would together pay for J.B.'s private schooling.  *Id.* ¶ 11.

      The Settlement contains the following clause (the "Forum Selection Clause"): "The parties agree that the Superior Court, State of New Jersey, shall have sole exclusive jurisdiction to adjudicate any action to **enforce** the provisions in this Agreement. Such Superior Court action shall be brought and venued in the Union County Vicinage." Settlement ¶ 16, ECF No. 6-4 (emphasis added).

      On May 17, 2013, Plaintiffs brought the instant Complaint asserting claims for breach of contract and breach of the covenant of good faith and fair dealing.  Plaintiffs

request that Summit provide them with tuition costs owed under the Settlement. Plaintiffs also request that Plaintiffs be "relieved of their financial contribution obligations under the settlement." *Id.* ¶ 31 (emphasis in original).

The Court has jurisdiction over this matter pursuant to 20 U.S.C. §§ 1415(e)(2)(F)(iii) and 1415(f)(1)(B)(iii) because Plaintiffs are seeking to enforce an IDEA settlement agreement reached during a mediation conducted pursuant to the IDEA. *J.K. v. Council Rock Sch. Dist.*, 833 F. Supp. 2d 436, 447 (E.D. Pa. 2011).

Turning to the instant motion, the Court finds that venue is proper in Superior Court but not in this Court. Plaintiffs concede that the Forum Selection Clause is enforceable under *Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd.*, 709 F.2d 190, 201 (3d Cir. 1983), *cert. denied*, 464 U.S. 938 (1983), *overruled on other grounds*, *Lauro Lines S.R.L. v. Chasser*, 490 U.S. 495 (1989)). However, Plaintiffs maintain that the Forum Selection Clause does not encompass the instant dispute because Plaintiffs seek only to "*modify* or *eliminate or suspend* the contractual obligations of the parties." Pls.' Br. 2, ECF No. 11 (emphasis in original). Plaintiffs are incorrect. The Forum Selection Clause provides that the Superior Court will "enforce" the Settlement. Settlement ¶ 16. If this Court rules on the merits of Plaintiffs' claims—all of which concern breach of the settlement—the Court will enforce the settlement. As Summit rightly argues, "Plaintiffs are seeking to enforce the settlement agreement because they are seeking to hold Defendant accountable for allegedly violating the terms of the settlement agreement . . . and [because Plaintiffs] are seeking an amount allegedly [due] under the settlement agreement." Reply Br. 1-2, ECF No. 13.

## Conclusion

For the foregoing reasons, the Court will **GRANT** Summit's motion to dismiss. An appropriate order follows.

                                                  /s/ William J. Martini  
                                                **WILLIAM J. MARTINI, U.S.D.J.**

**Date: August 20, 2013**